■ CARRIE D. SELLARS, as Administratrix of the Estate of ESTHER STRUKES, Deceased, Respondent, v. EARL V. RAYE, Defendant. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Appellant.— In an action to recover damages for wrongful death arising out of an automobile accident, Motor Vehicle Accident Indemnification Corporation (on behalf of itself and the defendant) appeals from an order of the Supreme Court, Nassau County, entered March 23, 1965, which denied its motion to set aside the service of the summons upon defendant and to dismiss the complaint. Order affirmed, without costs. The present case involves the propriety of an order issued pursuant to subdivision 4 of CPLR 308 to effect service upon a defendant who was a resident of New York State at the time of the accident. On July 5, 1962 plaintiff administratrix' decedent was a passenger in a vehicle which ran off the road into a tree. As a result of this accident the decedent died. The vehicle was owned and operated by defendant Raye. The accident occurred in Nassau County. Defendant's home address at that time was on Monroe Street in Brooklyn, New York. The policy of insurance covering the vehicle had been cancelled 13 days before the accident. The situation is therefore one in which the administratrix seeks eventual compensation from Motor Vehicle Accident Indemnification Corporation on the theory that the decedent was a "qualified person" and in which a suit must first be brought against the driver-owner (Insurance Law, art. 17-A). The decedent left surviving two infant children. The administratrix (decedent's mother) attempted to commence an action through personal service at the Brooklyn address. The process servers could not effect service upon defendant; and all correspondence directed to defendant at that

address was returned. The administratrix applied to the court pursuant to CPLR 308 (subd. 4) for an ex parte order devising a means of effecting service upon defendant. The court ordered that service be effected by means of section 254 of the Vehicle and Traffic Law. In an excess of caution, plaintiff attempted to effect service under both sections 253 and 254 of the Vehicle and Traffic Law. Two registered letters sent to defendant were returned, one with the notation "Unclaimed — Returned to Writer" and the other with "Moved — Left No Address." Plaintiff could not file the necessary proof of service as provided by law. She then applied to the court for further relief pursuant to CPLR 308 (subd. 4). The court thereupon ordered that service upon the Secretary of State and the sending of a copy of the summons and complaint by registered mail to defendant without the filing of a "return receipt" would constitute good service, provided a copy of the summons and of the court order be published in a named local paper circulated in the vicinity of defendant's residence. The court below decided as a factual matter that defendant was still a resident. Constructive service can be a basis for exercising plenary jurisdiction over a resident who cannot be located for service (cf. *Fishman* v. *Sanders,* 15 N Y 2d 298, 303). It is clear that all known customary methods of service were attempted and could not be effected. While the court has no statutory authority to compel a plaintiff to utilize section 254 of the Vehicle and Traffic Law before invoking CPLR 308 (subd. 4), it was proper for the court to consider the attempt as one of the several pertinent circumstances in the case before exercising its discretionary powers under the latter provision. For the reasons stated in *Dobkin* v. *Chapman* (25 A D 745), we hold that there was no constitutional impediment to the method of service here used. Brennan, Hopkins and Benjamin, JJ., concur; Ughetta, Acting P. J., and Rabin, J., dissent and vote to reverse the order and to grant the motion to set aside the service of the summons upon defendant and to dismiss the complaint, with the following memorandum by Rabin, J., in which Ughetta, Acting P. J., concurs: At bar, as in the companion case (*Dobkin* v. *Chapman,* 25 A D 2d 745) the critical question is whether an order, founded upon CPLR 308 (subd. 4), may stand. Plaintiff sought to fasten liability for a motor vehicle accident upon an owner who at the time of the occurrence in this State was registered as a resident of the Borough of Brooklyn. Not finding defendant otherwise available for service of process, plaintiff attempted service upon him through the medium of the Secretary of State in pursuance of the statute authorizing such procedure for residents who depart from the State (Vehicle and Traffic Law, §§ 253, 254). Upon the basis of the statute the Supreme Court, Nassau County, in purported pursuance of CPLR 308 (subd. 4), by ex parte order, authorized plaintiff to make service upon defendant by registered mail. The papers were returned with the notation "Moved — Left No Address". Plaintiff's attorney then applied to the court for a further order directing that a failure to file a return receipt should not invalidate service, and the court granted this motion on condition that a copy of the order be published in a Brooklyn newspaper on a specific date. In our opinion, the order at bar must be held invalid for the same reasons of lack of constitutional notice ascribed in the companion case. In addition, CPLR 308 does not authorize our local courts to require a plaintiff to attempt service under either section 253 or section 254 of the Vehicle and Traffic Law, particularly where plaintiff knows that he does not have a correct address, either for a nonresident or for a resident defendant. The requirement that plaintiff perform a futile act, by notice to a defendant at an address where manifestly he cannot be reached, does not validate a procedure otherwise defective in attaining the necessary result. If service by

mail by the Secretary of State would be invalid, since no proper address of the defendant was at hand (*Bauman* v. *Fisher*, 12 A D 2d 32, 36), it is difficult to see how service by publication based upon the same faulty address fulfills the requirements of due constitutional notice. Article 3 of the new CPLR was not designed to present any new definition of "the fundamentals of jurisdiction" (see note entitled Legislative Studies and Reports, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 1-500, p. 402). Under the new concepts the "traditional notions of fair play and substantial justice" still obtain (see note, McKinney's, *op. cit.*, p. 428, 429). In this day and age of emphasis upon the constitutional rights of the individual, it is difficult to see how a form of process not designed to bring home notice of a pending suit to an individual defendant, because it is based on a known erroneous address, may be held sufficient to bind such defendant. The order under review should be reversed and the motion, to vacate service by mail and by publication and to dismiss the complaint, should be granted.